GREENE v. GARRISON.

[No. 15290. Department One. June 24, 1919.]

IRVING GREENE, *Appellant,* v. JOHN GARRISON *et al.,*
*Respondents.*[1]

LANDLORD AND TENANT (128, 137)—UNLAWFUL DETAINER—TIME TO
SUE. A tenant's action of unlawful detainer against a sublessee is
not prematurely commenced, at the end of the term because of
plaintiff's agreement for an extension of the sublease, in case his
own lease was extended pursuant to an oral agreement, where it
appears that he was unable to secure an extension of his lease and
so promptly notified the sublessee.

Appeal from a judgment of the superior court for
King county, Allen, J., entered December 21, 1918,
upon granting a nonsuit, dismissing an action of un-
lawful detainer. Reversed.

*Elias A. Wright* and *Sam A. Wright,* for appellant.
*Van C. Griffin,* for respondents.

MITCHELL, J.—By a written lease, plaintiff became a
tenant of a storeroom in the Liberty building, in Seat-
tle, for a term commencing March 10, 1917, and end-
ing August 31, 1918. On August 18, 1917, by an agree-
ment in writing, he sublet a portion of the premises
from that date to August 15, 1918, to persons who
transferred their rights and possession to defendants,
with the consent of plaintiff. Upon refusal of defend-
ants to vacate the premises on August 15, 1918, plaintiff
instituted this action in unlawful detainer on August
17, 1918, wherein, by a writ of restitution executed by
the sheriff, the premises occupied by defendants were
restored to plaintiff on August 22, 1918. In the agree-
ment by which defendants held the premises, plaintiff
represented he had the privilege, in a certain manner,
of a renewal of the lease under which he held, and

[1]Reported in 181 Pac. 858.

agreed that, in the event he succeeded in getting a renewal of his lease, the privilege of an extension would be given the sublessees.

At the trial, on November 15, 1918, the evidence showed that plaintiff had relied upon an oral promise of his lessor for the extension of his lease referred to, but that, prior to August 15, 1918, he was notified by his lessor an extension of his tenancy could not, and would not, be given; and plaintiff in turn so notified defendants sometime prior to the expiration of their subtenancy. Plaintiff surrendered possession to his lessor on August 31, 1918, as provided by the terms of the lease. At the conclusion of plaintiff's proof, the trial court granted a nonsuit against plaintiff, holding that whatever rights he had from his lessor would pass to defendants as to that portion of the property sublet to them, thus entitling defendants to the right of possession until August 31, 1918, and entered judgment accordingly. Plaintiff has appealed.

The agreement by which respondents held the property specifically provided for a tenancy ending August 15, 1918. True, the sublease provided:

"And it is agreed that in the event the lessor, or his assignee succeeds in renewing his original lease, that the lessees herein named shall likewise have the privilege of renewing this lease . . ."

But, as already noticed, appellant was unable to get an extension, and seasonably notified respondents to that effect.

The action was not prematurely brought, and the judgment is reversed.

HOLCOMB, C. J., MAIN, and MACKINTOSH, JJ., concur.